■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v SALVATORE CURIALE, as Superintendent of Insurance of the State of New York, Appellant. [628 NYS2d 107] —Resettled order and judgment (one paper), Supreme Court, New York County (Charles Ramos, J., upon decision of Seymour Schwartz, J.), entered March 3, 1994, which, *inter alia,* granted plaintiff's motion for summary judgment, declared Tax Law § 1505-a (c) unconstitutional, and directed defendant to refund to plaintiff the sum of $76,389 with interest, unanimously affirmed, without costs.

We agree with the IAS Court that Tax Law § 1505-a (c), which disallows a credit for taxes paid by foreign insurers pursuant to section 1505-a against New York's retaliatory tax (Insurance Law § 1112), although domestic insurers are granted such a credit, serves no legitimate governmental purpose as it applies to plaintiff. Plaintiff is a foreign insurer doing business in New York and subject to New York's retaliatory tax. An intent to increase or protect revenues at the expense of foreign insurers does not constitute a legitimate governmental purpose sufficient to withstand an equal protection challenge (*compare, Western & S. Life Ins. Co. v Board of Equalization,* 451 US 648, 657). We have considered plaintiff's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.